Lary M. PANE, Plaintiff,

v.

George J. DANDAN, National Insurance Services, Inc., a Florida Corporation, United Equitable Life Insurance Company, an Illinois Corporation, Garden State Life Insurance Company, a Washington Corporation, Pan–American Life Insurance Company, a Louisiana Corporation, and New York Life Insurance Company, a New York Corporation, Defendants.

No. 89 C 9321.

United States District Court, N.D. Illinois, E.D.

Jan. 28, 1991.

U.S.S.G. § 6A1.3, comment.

Edward G. Shenoo, Chicago, Ill., for plaintiff.

Michael R. Grimm, Jeffrey Richard Zehe, Kevin P. Mohr, Clausen, Miller, Gorman, Caffrey & Witous, P.C., J. Robert Geiman, William A. Chittenden, III, Peterson & Ross, Chicago, Ill., for defendants.

Martin G. Durkin, Mark Stephen Prosperi, Claudia J. Lovelette, Burke, Bosselman & Weaver, Chicago, Ill., for New York Life Ins. Co.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Lary M. Pane, originally filed this action in the Circuit Court of Cook County against George J. Dandan, an insurance agent, four insurance companies ("the insurers") and the insurers' plan administrator. The dispute involves plaintiff's enrollment in an employer-sponsored group medical plan. Plaintiff, who now admits that he was not an employee of Galindo Dental Lab, Inc., signed an application prepared by Dandan for coverage under Galindo's group plan. While verifying plaintiff's eligibility, the plan administrator discovered that plaintiff was not employed by Galindo, denied plaintiff's claim for benefits, rescinded the policy and refunded the unearned premiums. Plaintiff sued Dandan for misrepresenting to plaintiff that he possessed coverage when in fact he did not, and also sued the insurers and plan administrator on theories of estoppel, breach of contract and vexatious refusal to pay benefits. Defendants removed the suit to this Court and filed motions to dismiss the complaint. For the following reasons, plaintiff's claims against the insurers and plan administrator are dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. With the dismissal of these defendants, this action is remanded to state court for resolution of plaintiff's state law misrepresentation claim against Dandan. Dandan's motion to dismiss is therefore moot.

## DISCUSSION

■ The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") is a comprehensive statute designed to promote the interests of employers and their beneficiaries in employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Due to the comprehensiveness of ERISA, Section 1144(a) of the Act provides that ERISA preempts and supercedes all state laws insofar as they "relate to" employment benefit plans. 29 U.S.C. § 1144(a). The ERISA preemption provision is to be interpreted expansively to establish pension and benefit plan regulation as exclusively a federal concern. *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); See *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). In *Pilot Life,* the Supreme Court concluded that the ERISA civil enforcement scheme displaced all state law remedies applicable to conduct governed by ERISA:

> The policy choices reflected in the inclusion of certain remedies and exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 'The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.' (quoting *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)).

■ Counts I and IV, plaintiff's breach of contract and estoppel claims, "relate to" an ERISA employee benefit plan as contemplated by Section 1144(a) of the Act and are therefore preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux, supra; Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Brundage–Peterson v. Comp Care Health Services Ins. Corp.,* 877 F.2d 509 (7th Cir. 1989); *Hartness v. Printing and Graphic Arts Union,* 1988 WL 9024, 1988 LEXIS 878 (N.D.Ill.1988).

Counts II and V, plaintiff's claims for vexatious refusal to pay benefits pursuant to Section 155 of the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, ¶ 767 (1989), clearly "relate to" an employee benefit plan and are preempted by ERISA. *Buehler, Ltd. v. Home Life Insurance Company,* 722 F.Supp. 1554 (N.D.Ill.1989); *Dutenhaver v. Teacher's Insurance,* 85 C 1740, 1987 WL 26138 (Lexis, N.D.Ill., Dec. 1, 1987).

■ Plaintiff argues that his claims cannot be governed by ERISA because he was not a Galindo employee, plan participant or beneficiary. If plaintiff is neither an employee, participant or beneficiary as defined in 29 U.S.C. § 1002, ERISA does not provide plaintiff with a remedy. However, plaintiff has apparently confused the concept of "preemption" with that of "standing." A claim is preempted so long as it "relates to" an employer-sponsored plan; preemption is dependent on the nature of the plan involved, not the plaintiff's "status" under that plan. By contending that he was not an employee, participant or beneficiary, plaintiff simply admits that he has no ERISA remedy. In *Lister v. Stark,* 890 F.2d 941, 946 (7th Cir.1989), the Seventh Circuit held that although preemption would leave plaintiff without a remedy, the availability of a federal remedy was not a prerequisite for federal preemption. The *Lister* court observed that it was entirely possible for a claim to be governed by ERISA because it involved an employer-sponsored plan and, at the same time, provide no federal remedy to the plaintiff because he was not an employee, participant or beneficiary and therefore lacked standing to sue. In the present case, plaintiff's claims against the insurers and plan administrator are dismissed with prejudice because they are preempted by ERISA and plaintiff has admitted that he has no standing to sue under ERISA and therefore no federal remedy against these defendants.

■ Plaintiff's claim against Dandan does not relate to an employer-sponsored

plan but concerns Dandan's alleged misrepresentations while acting as plaintiff's insurance agent. Consequently, the claim against Dandan is not preempted. As plaintiff's state law misrepresentation claim yet remains against Dandan, this action is properly remanded to state court. Dandan's motion to dismiss is therefore moot.

ORDERED: Defendants' motion to dismiss counts I, II, IV and V of plaintiff's complaint is granted with prejudice pursuant to FRCP 12(b)(6). As only Count III, plaintiff's state law misrepresentation claim against co-defendant George J. Dandan remains, this matter is remanded to state court. Co-defendant Dandan's motion to dismiss is therefore rendered moot.