**Alejandro A. URBINO, Plaintiff,**

v.

**PAN AMERICAN LIFE INSURANCE CO., National Insurance Services, Inc., Juan Rosello, and Victory Paint and Body Shop, Inc., Defendants.**

**No. 91–1717–Civ.**

United States District Court,
S.D. Florida.

April 30, 1993.

Roy D. Wasson, Miami, FL, for Alejandro A. Urbino.

Pamela J. Reynolds, Warwick & Reynolds, P.A., Douglas Centre, Coral Gables, FL, for Pan American Life Insurance Co.

Mark P. Reuter, Coral Gables, FL, for Victory Paint & Body Shop.

National Insurance Services, Inc. and Juan Rosello were not represented and filed no pleadings.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I, II, III, AND V AND REMANDING COUNT IV TO STATE COURT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant Pan American Life Insurance Company's Motion for Summary Judgment filed on December 3, 1993.

THE COURT has considered the motion, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED that the motion is GRANTED IN PART. Summary judgment is entered in favor of the defendants on counts I, II, III, and V of the plaintiff's amended complaint.

### FACTUAL BACKGROUND

This is an action by Alejandro A. Urbino to recover benefits under an insurance policy. The insurance policy was underwritten by Defendant Pan American Life Insurance Company (PALIC), administered by National Insurance Services, Inc., established by Victory Paint & Body Shop, Inc., and negotiated by Juan Rosello.

Around the end of July 1989, Victory, as an applicant/sponsor, completed an application and subscription agreement in order to establish a welfare benefit plan to provide health and life insurance for its full-time employees. In the application and subscription agreement, Victory stated that it employed five full-time (thirty hours per week or more) employees and no part-time employees. Hence, being a full-time employee working at least thirty hours per week at Victory was a condition precedent to obtaining coverage under this insurance plan.

Urbino was an applicant for coverage under the Victory plan. In his group enrollment card and application, Urbino or his agent stated that he was an employee of Victory, worked forty hours per week and earned $26,000 annually as an office clerk. The Victory plan became effective September 20, 1989 and provided coverage for Urbino.

In June 1990, National Insurance Services, Inc. reviewed Victory's employee eligibility verification information (Victory's state quarterly wage and tax reports for the third and fourth quarters of 1989 and the first quarter of 1990) and found that Urbino was not listed as an employee of Victory. It was then discovered that Urbino worked for Apex Adjustment Bureau and performed only consulting services for Victory. Urbino's coverage under the Victory plan was rescinded *ab initio* on July 13, 1990 for failure to meet employment eligibility requirements. In the interim, Urbino had suffered a heart attack and incurred substantial hospital bills, medical bills, and other related charges. Moreover, before the date of rescission, PALIC

made payments to medical providers on Urbino's behalf.

Urbino brought the present suit in state court. Specifically, the amended complaint contains five counts: I) breach of contract against PALIC, II) estoppel and vicarious liability against PALIC, III) a declaratory judgment count seeking to define the parties' rights and duties under the contract, IV) professional negligence against Rosello, and V) breach of contract against Victory Paint & Body Shop, Inc. PALIC removed the suit to federal court on the basis that the action was controlled by the Employee Retirement Income Security Act of 1974 ("ERISA", 29 U.S.C. §§ 1001–1461). PALIC has filed a motion for summary judgment on all counts.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Furthermore, the court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The essence of PALIC's argument is that the Victory plan is an ERISA plan and, as such, federal law preempts any state law claim Urbino might have. PALIC further claims that, under federal law, to recover against an ERISA plan one must be either a participant or a beneficiary as those terms are defined under ERISA. And since Urbino is neither a participant nor a beneficiary because he did not qualify as an "employee" as that term was defined in the Victory plan, PALIC is entitled to a judgment as a matter of law.

Urbino on the other hand asserts that the plan's overall status is irrelevant to the issues presented by his case. He is not contesting much of what PALIC has to say about ERISA and readily admits that he is not a participant or a beneficiary. Additionally, he states that he is not attempting to claim any rights pursuant to ERISA and asserts that, as to him, the Victory plan is not an ERISA plan at all but, instead, just a regular insurance contract against which he has viable state law claims.

■ The first matter that requires attention is whether the Victory plan, independent of Urbino's relationship to it, is an ERISA plan.

> ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a).... By its express terms, ERISA encompasses welfare plans provided through the purchase of insurance. 29 U.S.C. § 1002(1). Moreover, it is a common practice for employers to provide health care benefits to their employees through the purchase of a group health insurance policy from a commercial insurance company.

*Memorial Hospital System v. Northbrook Life Insurance Co.,* 904 F.2d 236, 240 (5th Cir.1990); *see Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 727, 105 S.Ct. 2380, 2383, 85 L.Ed.2d 728 (1985). In the instant case, the affidavit of Walter Zimmerman, Vice–President of Claims for National Insurance Services, Inc. has been admitted stating that Victory funded a group health insurance plan through the purchase of insurance coverage underwritten by PALIC, agreed to pay 100% of the premium cost for plan participants, participation under the

plan was mandatory, and the plan was administered in part by Victory. In the application and subscription agreement filled out on behalf of Victory, Victory certified that it "employs 5 full time (30 hours per week or more) Participant/Employees and that no part-time employees have been included for coverage." Application and Subscription Agreement at Section VI. The application and subscription agreement also states "We understand that the following conditions must be met before insurance becomes effective: 1. Participants/Employees must be actively working on a full-time basis, earning compensation 30 hours per week or more." *Id.* at Section VII.

The existence of an ERISA plan is established if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982) (en banc). Here, certainly, that low threshold is met. Consequently, the Court concludes that the Victory insurance plan, irrespective of Urbino's relationship to it, is an ERISA plan.

■ Urbino's assertion that the insurance scheme was not an ERISA plan as to him is erroneous. Urbino's subjective perception of the Victory plan does not change its nature. The application of federal law cannot hinge upon an individual's personal understanding of the legal status of the various entities with which he deals. In this case, while Urbino may have been led to believe that he was enrolled in a regular insurance contract rather than an ERISA plan either through misrepresentation, negligence, or both,[1] this does not change the true character of the actual plan. Therefore, Urbino's amended complaint must be analyzed as a complaint against an ERISA plan.

The determination that an ERISA plan exists carries with it certain implications. The one the Court is mainly concerned about in this case is ERISA's expansive preemption provision:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). ERISA's far-reaching language was "designed to 'establish [welfare] plan regulation as exclusively a federal concern.'" *Pilot Life Insurance Co. v. Deaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)). "Moreover, to underscore its intent that § [1144(a)] be expansively applied, Congress used equally broad language in defining the 'State law' that would be pre-empted. Such laws include 'all laws, decisions, rules, regulations, or other State action having the effect of law.' [ ], 29 U.S.C. § 1144(c)(1)." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990). The operative statutory phrase regarding whether a state law is preempted is "relates to". If state law relates to an ERISA plan, then it is preempted by federal law.

> A law "relates to" an employee benefit plan when the law "has a connection with or reference to such a plan." [*Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) ]; *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). Thus, "a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *McClendon,* [498 U.S. at 139] 111 S.Ct. at 483, 112 L.Ed.2d at 484.

*Sanson v. General Motors Corp.,* 966 F.2d 618, 621 (11th Cir.1992).

■ Turning now to the amended complaint, the Court finds that four of the five counts are preempted by federal law. Count I, breach of contract against PALIC; Count II, estoppel and vicarious liability against PALIC; Count III, the declaratory judgment count; and Count V, breach of contract

---

1. The Court makes no determinations regarding negligence or misrepresentation as it relates to Urbino's inducement into entering into the insurance contract.

against Victory Paint & Body Shop, Inc. all seek to recover benefits and other damages under the insurance contract. Consequently, they "relate to" the ERISA plan and these state law claims are preempted. *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (respondent's tort and breach of contract claims under Mississippi common law preempted by ERISA); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (respondent's state court suit for reimplementation of benefits and for related common law contract and tort claims preempted by ERISA).

■ Next, applying federal law, an individual may recover against an ERISA plan only if he is either a participant or a beneficiary. The statutory language makes this clear. "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A participant is defined as

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). A beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8). Moreover, these provisions are to be construed narrowly.

> Section 1132 is essentially a standing provision: it sets forth those parties who may bring civil actions under ERISA and specifies the types of actions each of those parties may pursue. These standing provisions must be construed narrowly; civil actions under ERISA are limited only to those parties and actions Congress specifically enumerated in section 1132.

*Gulf Life Insurance Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir.1987); *see also Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 21–22, 103 S.Ct. 2841, 2852–2853, 77 L.Ed.2d 420 (1983). Since Urbino was not a full-time employee working thirty hours or more per week for Victory Paint & Body Shop, Inc., he is not a "participant" under the Victory plan as that term is defined under ERISA. Also, he is not a "beneficiary". Consequently he has no standing to assert claims under ERISA. Therefore since these claims are preempted by federal law and he does not have standing to bring these claims federally, he has no redress available for counts I, II, III, and V of his amended complaint. This unfortunate result is a by-product of Congress's attempts to create a legal atmosphere favorable to the formation of employee benefit plans.

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). Despite this result, the fact that potential plaintiffs may be left without a remedy does not preclude preemption. *See Sanson v. General Motors Corp.*, 966 F.2d 618, 622 (11th Cir.1992) (citing *First National Life Insurance Co. v. Sunshine–Jr. Food Stores*, 960 F.2d 1546, 1550 (11th Cir.1992) (argument that ERISA provides inadequate remedy is insufficient reason to overcome language of statute); *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 757 (5th Cir. 1990) (ERISA preempts state law claims of fraud and misrepresentation without regard to whether ERISA provided any remedy for claimed wrong); *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir.1989), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990) ("[w]hile our holding will leave [plaintiff] without a remedy, the availability of a federal remedy is not a prerequisite for federal pre-

emption"); *Degan v. Ford Motor Co.,* 869 F.2d 889, 895 (5th Cir.1989) (preempting plaintiff's state law claims despite recognition that employer's misrepresentation was a "betrayal without a remedy")).

In conclusion, it is

ORDERED AND ADJUDGED that Pan American Life Insurance Co.'s motion for summary judgment is GRANTED IN PART. Counts I, II, III, and V of the Plaintiff's amended complaint are dismissed with prejudice.

FURTHER, it is ORDERED that the remaining count of the plaintiff's amended complaint, Count IV (professional negligence against Juan Rosello), is REMANDED consistent with this Court's order of remand.

DONE AND ORDERED.