Louise MULLINS, Plaintiff,

v.

**BLUE CROSS AND BLUE SHIELD OF VIRGINIA, INC., Defendant and Third Party Plaintiff,**

v.

**RANDOM SUPPLY COMPANY, INC., Third Party Defendant.**

Civ. A. No. 93–0011–B.

United States District Court, W.D. Virginia, Big Stone Gap Division.

July 27, 1994.

Carl E. McAfee, McAfee, Bledsoe & Associates, P.C., Norton, VA, for plaintiff.

Charles Richard Cranwell, Harris Keith Moore, Cranwell & Moore, Roanoke, VA, Richard C. Titus, Titus & Lohman, Cary, NC, for defendant.

Joseph Harvey Roberts, Joe H. Roberts, P.C., Wise, VA, for third-party defendant.

**MEMORANDUM OPINION**

WILSON, District Judge.

This is an action by plaintiff, Louise Mullins, against defendant Blue Cross and Blue Shield of Virginia, Inc. ("Blue Cross") for denial of coverage under her group medical insurance policy in violation of the Employee Retirement Income Security Act of 1974, 29

---

U.S.C. § 1001 et seq. ("ERISA").[1] The court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). Blue Cross filed a third-party complaint against the insurance policyholder and employer, Random Supply Company, Inc., alleging violations of Random Supply's fiduciary duties pursuant to 29 U.S.C. §§ 1104(a)(1)(A), (B), and (D) and liability pursuant to 29 U.S.C. § 1109(a) and § 1132(a). This matter is before the court on summary judgment motions of Blue Cross and Random Supply. Finding that Mullins is not a participant under the plan and not entitled to maintain this action, Blue Cross' motion for summary judgment will be granted.[2]

## I.

The pertinent facts are not in dispute. Random Supply contracted with Blue Cross to provide group medical insurance for its employees. Mullins was employed solely by Better Business Service but included as a member of the group insurance plan through Random Supply. Random Supply submitted premium payments covering Mullins and obtained precertification from Blue Cross for Mullins' December, 1991 liver transplant. Mullins was precertified for medical services which eventually totalled $900,000. Blue Cross later denied coverage for those expenses claiming that on March 31, 1991 Mullins was not a participant under the plan. Mullins filed an action against Blue Cross claiming entitlement to coverage, and Blue Cross filed a third-party complaint against Random Supply.

1. The parties agreed at oral argument that the plan is covered by ERISA.

2. At the hearing on the motions for summary judgment, Blue Cross indicated to the court that if summary judgment was granted in its favor, it would not pursue its third-party complaint against Random Supply. Accordingly, the claim of Blue Cross against Random Supply will be dismissed.

3. Section 1132 provides in part:
A civil action may be brought . . .
(1) by a participant or beneficiary—
(A) for the relief provided for in subsection (c) of this section, or

## II.

Under ERISA, a civil action may be brought pursuant to section 1132 by a participant or beneficiary to the plan. The act defines "participant" as:

[A]ny employee or former employee of an employer, or any member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (Supp.1993).[3] Under this definition, "participants" include "either employees in, or reasonably expected to be in, currently covered employment . . . or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (internal quotation marks and citations omitted). Blue Cross contends that Mullins is not a participant under the plan and therefore has no standing to maintain this action. The court agrees.

It is undisputed that Mullins was never employed by Random Supply. Her sole employment during the period in question was with Better Business Services. Since Mullins is neither a current nor former employee of Random Supply, she is not a participant in the plan and has no standing to maintain this action under ERISA. *See Madonia v. Blue Cross & Blue Shield,* 11 F.3d 444 (4th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994).[4]

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
30 U.S.C. § 1132 (1985).

4. Although Mullins lacks standing to maintain this action, ERISA preempts any state law actions she may have had against the plan. *Martin v. General Motors Corp.,* 753 F.Supp. 1347 (E.D.Mich.1991). *But see Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172 (5th Cir.1994), *cert. denied,* —— U.S. ——, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994).

Mullins argues, however, that she is entitled to benefits regardless of her status under the plan based on a theory of equitable estoppel. Mullins asserts that she relied to her detriment on the representations of Random Supply, the plan administrator and fiduciary. Mullins contends that Random Supply, as co-fiduciary, bound the plan by accepting her premiums and, at times, paying them on her behalf. Estoppel principles, however, can not be used to alter the written terms of the plan. *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 59 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1051, 122 L.Ed.2d 359 (1993). *See also Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1452 (4th Cir.1992) ("[R]esort to federal common law generally is inappropriate when its application would ... threaten to override the explicit terms of an established ERISA benefit plan.") Specifically, "[o]ral or informal written modifications to a plan ... are of no effect." *Coleman,* 969 F.2d at 59.

The contract between Blue Cross and Random Supply provides as follows:

> Eligible Person means a person who is determined to be eligible for coverage under this Contract by the Contract Holder, consistent with the guidelines established by the Plan. Unless otherwise agreed in writing by the Plan, a person may not be a Eligible Person unless he is:
>
> 1. a full-time active employee of the Contract Holder, or a related company of the Contract Holder (at least 51% common ownership), who is scheduled to work for pay or profit at least 25 hours per week, 50 weeks per year....

The express terms of the plan provide that only those who are "eligible persons" may receive benefits under the plan. The court finds that the plan contains no ambiguity that to be an eligible person, Mullins was required to be an employee of Random Sup-

ply.[5] Her employment with Better Business Services did not qualify her for benefits under the plan. Since *Coleman* clearly established that equitable estoppel may not be used to vary the written terms of the plan, Mullins may not maintain this action against Blue Cross.[6]

### III.

For the reasons stated above, the motion for summary judgment, of defendant, Blue Cross, will be granted.

An appropriate order will issue.

---

5. Mullins urges this court to find that an ambiguity exists in the plan as to former employees, allowing the use of equitable estoppel where an interpretation of a ambiguity is at issue. Assuming that estoppel may be used in such a circumstance, the court finds that no ambiguity exists. Mullins was never an employee of Random Supply, only of Better Business Services. Mullins claims as a former employee could only stem out of a contract between Better Business Services

and Blue Cross, not between Random Supply and Blue Cross.

6. The court finds this result troublesome. The plan administrator not only accepted premiums from Mullins, but paid them on her behalf. Perhaps this result demonstrates the need for legislative action.