**Sandy GROVER, Plaintiff,**

v.

**CENTRAL BENEFITS NATIONAL LIFE INSURANCE CO., and Carl Grover, Defendants.**

**Civ. A. No. 3:94–0020.**

United States District Court, S.D. West Virginia, Huntington Division.

Feb. 2, 1995.

Neil Bouchillon and Mark F. Underwood, Fredeking & Fredeking, Huntington, WV, for plaintiff.

R. Kemp Morton, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, and Randall S. Rabe and Carol Terpstra McClarnon, Baker & Hostetler, Columbus, OH, for Central Benefits.

James Allan Colburn, Baer, Colburn & Morris, Huntington, WV, for Carl Grover.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendant Central Benefits National Life Insurance Company's Motion for Summary Judgment. Based upon the absence of a genuine issue of material fact and the law, the Court **GRANTS** the motion.

Under *Rule* 56(c) of the *Federal Rules of Civil Procedure,* summary judgment is proper only:

> "If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

Fed.R.Civ.P. 56(c). A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party has the burden of initially showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

The undisputed facts are as follows. Plaintiff Sandy Grover is the former spouse of Defendant Carl Grover. Mr. Grover obtained health insurance from Mountain State Blue Cross/Blue Shield through participation in a group health insurance plan sponsored by the law firm of St. Clair & Levine. The

group policy provided health insurance benefits to employees of the law firm.[1]

On his application to Central Benefits, Mr. Grover represented he had been employed by St. Clair & Levine as a clerk since 1987 and was then actively at work for them. At no time, however, was Mr. Grover an employee of the law firm. Mr. Grover asserts he was included in the group health plan "as a result of some accommodation to him as a client of the firm." (Integrated Pretrial Order filed August 24, 1994, page 6 paragraph 4).[2]

The group policy, effective from August 1, 1991 to October 1, 1991, provided coverage ended for an employee's spouse on the last day of the month in which he or she is divorced. After his divorce from the Plaintiff, Mr. Grover filed a change in status form with Central Benefits, dropping Mrs. Grover from coverage. This form also contained his representation that he at that time was actively at work for St. Clair & Levine. Plaintiff then obtained an individual conversion policy through the group policy.[3]

Plaintiff was admitted to a hospital for treatment on September 25, 1991. The individual policy was not yet in effect on that date. Therefore, any dispute over coverage for the period of hospitalization necessarily concerns the group policy and not the individual policy.

Plaintiff filed her Complaint in the Circuit Court of Cabell County, West Virginia on December 8, 1993. Plaintiff asserts Mr. Grover did not maintain the Blue Cross/Blue Shield policy or its equivalent as promised in their Separation Agreement.[4] Plaintiff also contends Central Benefits breached its contract with the Plaintiff in denying coverage to her for inpatient treatment, which she argues was medically necessary.

Defendant Central Benefits removed this action on the basis the claims asserted against it were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (hereinafter "ERISA").

The questions presented are whether the group plan is an "employee benefit plan" governed by ERISA, and if so, whether the Plaintiff has standing as a "participant" or "beneficiary" to assert her claim against Defendant Central Benefits.

## I. ERISA PREEMPTION

■ ERISA defines an employee welfare benefit plan as any plan maintained by an employer to the extent "such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgi-

---

1. The plan provides, in pertinent part, Central Benefits:

   "shall provide or cause to be provided to enrolled Eligible Persons and their enrolled dependents ... the health care benefits as listed in the Application and described in the Certificate(s)."

   Central Benefits Policy Form LA–70 at paragraph 1(a). The Group Policy Application defines "Eligible Persons" as "[e]mployees actively working 30 or more hours per week," Central Benefits Group Policy Application Form LA–72 at 1, with coverage becoming effective on the "date of hire." *Id.*

2. Notably, the Group Certificate provides no coverage is available if "a covered person willfully or fraudulently" makes a statement "that materially affects the acceptance of an application." Group Certificate at 48.

3. The individual policy, which became effective October 1, 1991, states:

   "**WHEN YOUR COVERAGE GOES INTO EFFECT** ... Coverage will be provided for ex-

penses incurred on or after your Effective Date. Coverage becomes effective at 12:01 a.m., of the Effective Date.

   For Covered Services provided by a Hospital or Facility Other Provider, no Coverage will provided for a confinement that begins before your Coverage becomes effective. This includes a Continuous Confinement that begins before your Coverage becomes effective."

   Benefit Plan for Basic and Major Medical Non–Group Policy at 13.

4. The Divorce Order incorporated a Voluntary Separation Agreement which provided, in pertinent part:

   "Husband is to carry Blue Cross/Blue Shield health insurance and make payments for a period of twenty-four months. If Blue Cross/Blue Shield is not available to wife, husband will carry health insurance with a comparable value to the Blue Cross/Blue Shield health coverage."

   Voluntary Separation Agreement page 2 paragraph 8.

cal, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...." 29 U.S.C. § 1002(1). The group health insurance plan purchased for the employees of St. Clair & Levine clearly meets this definition and it is an employee welfare benefit plan.

ERISA's preemption clause provides "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (1984). "Congress included in ERISA this 'deliberately expansive' preemption clause as an important component of its plan to create a comprehensive national scheme for the regulation of employee welfare benefit plans." *ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n of W. Va.*, 832 F.Supp. 1054, 1056 (S.D.W.Va.1993) (Haden, C.J.) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987) and *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 3 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 689, 126 L.Ed.2d 656 (1994)). Federal courts have jurisdiction to adjudicate claims for benefits under such employee welfare benefit plans regulated by ERISA "without respect to the amount in controversy or to citizenship of the parties." 29 U.S.C. § 1132(f).

■ By Order entered August 29, 1994, the Court determined ERISA governs this action and dismissed Plaintiff's prayer for punitive damages and jury demand because such relief is precluded under ERISA. *See also Aliff v. BP America, Inc.*, 826 F.Supp. 178, 188 (S.D.W.Va.1993) (Haden, C.J.) (punitive damages are not recoverable under ERISA), *aff'd*, 26 F.3d 486 (4th Cir.1994); *Abels v. Kaiser Aluminum & Chem. Corp.*, 803 F.Supp. 1151, 1152–53 (S.D.W.Va.1992) (Haden, C.J.) (neither punitive damages nor a trial by jury are available under ERISA)

(citing *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir.1985)). Count Three of the Complaint, the only count involving Defendant Central Benefits, clearly "relates to" an ERISA employee benefit plan as contemplated by Section 1144(a) of the Act and it is preempted by ERISA.

The conclusion that ERISA governs this action is not altered by the fact Defendant Carl Grover was never an employee of the law firm. The Court's further analysis of whether Plaintiff has standing to assert a claim under ERISA is independent of the determination of ERISA preemption.

## II. STANDING

■ It is well-established civil actions for ERISA claims may be brought only by a participant, beneficiary, fiduciary, or the Secretary of Labor.[5] 29 U.S.C. § 1132(a); *see also Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S.Cal.*, 463 U.S. 1, 25, 103 S.Ct. 2841, 2854–55, 77 L.Ed.2d 420 (1983) (observing ERISA carefully limits the parties entitled to sue thereunder to participants, beneficiaries, and fiduciaries); *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528 (10th Cir.) (To have standing to bring an ERISA action, plaintiff must either be an employee or reasonably expect to be an employee in currently covered employment, or a former employee with a reasonable expectation of returning to covered employment or a colorable claim to vested benefits.), *cert. denied*, —— U.S. ——, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993); *Coleman v. General Elec. Co.*, 643 F.Supp. 1229 (E.D.Tenn.1986) (For an individual to be a participant in an ERISA plan, he or she must actually be a current employee or be a former employee who has acquired vested rights.), *aff'd*, 822 F.2d 59 (6th Cir.1987).

■ A similar situation involving standing arose where an insurer denied coverage un-

5. ERISA defines a "participant" as:
"any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."

29 U.S.C. § 1002(7) (Supp.1994). The Act defines a "beneficiary" as a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8). Fiduciaries include, but are not limited to, "any administrator, officer, trustee, or custodian." *Id.* at § 1002(14)(A).

**830**

der a group medical insurance policy. *Mullins v. Blue Cross & Blue Shield of Virginia, Inc.*, 859 F.Supp. 206 (W.D.Va.1994). In *Mullins*, Random Supply Company contracted with Defendant Blue Cross to provide group medical insurance for its employees. *Id.* at 207. Plaintiff never was employed by Random Supply but was included as a member of the group plan by Random Supply. *Id.* Random Supply also paid Plaintiff's premiums. *Id.* Blue Cross later denied coverage claiming Plaintiff was not a participant under the plan. *Id.*

The Court concluded the Plaintiff was neither a current nor former employee of Random Supply. *Id.* As such, the Plaintiff was not a "participant" under the plan and had no standing to maintain the action under ERISA. *Id.* (citing *Madonia v. Blue Cross & Blue Shield of Va.*, 11 F.3d 444 (4th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994)).

Likewise, another court rejected the contention asserted by Plaintiff here under nearly identical facts. *Pane v. Dandan,* 763 F.Supp. 281 (N.D.Ill.1991). In *Pane,* a non-employee Plaintiff was enrolled in an employer-sponsored group medical plan. *Id.* After the insurer discovered the Plaintiff was not an employee, it rescinded coverage. *Id.* The Plaintiff initiated the lawsuit in state court and the insurer removed it to federal court. *Id.* As here, the Plaintiff sought remand arguing ERISA could not apply because he was not an employee, participant, or beneficiary. *Id.*

In dismissing with prejudice the claims against the insurer, the court stated:

"If plaintiff is neither an employee, participant or beneficiary as defined in 29 U.S.C. § 1002, ERISA does not provide plaintiff with a remedy. However, plaintiff has apparently confused the concept of 'preemption' from that of 'standing.' A claim is preempted so long as it 'relates to' an employer-sponsored plan; preemption is dependent upon the nature of the plan involved, not the plaintiff's 'status' under that plan. By contending that he was not an employee, participant or beneficiary, plaintiff simply admits that he has no ERISA remedy."

*Id.* at 283; *see also Urbino v. Pan Am. Life Ins. Co.*, 822 F.Supp. 1556 (S.D.Fla.1993) (Individual who was not an employee of employer that funded ERISA health care plan was not a "participant" under the plan or a "beneficiary" and thus had no standing to assert claims under ERISA, although he asserted he had been misled into believing that he was insured under the plan.); *Martin v. General Motors Corp.*, 753 F.Supp. 1347, 1356–57 (E.D.Mich.1991) (rejecting an identical argument and dismissing the action rather than remanding it based upon the court's finding the plaintiff lacked standing to assert an ERISA claim).

■ As the court explained in *Pane, supra* at 830, a claim may be governed by ERISA while, at the same time, providing no remedy to a plaintiff who was neither a participant nor a beneficiary under the plan. Under the definitions of ERISA, Plaintiff was neither an employee, participant, beneficiary, nor fiduciary. Thus the Court concludes Plaintiff lacks standing to maintain this action against Defendant Central Benefits. Accordingly, the Defendant Central Benefits' Motion for Summary Judgment is **GRANTED**. The Court **DISMISSES** Defendant Central Benefits from this action with prejudice. With the dismissal of this defendant, the remainder of the action is **REMANDED** to the Circuit Court of Cabell County, West Virginia for all further proceedings.