**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LOUISE MULLINS,
Plaintiff-Appellant,

v.

BLUE CROSS & BLUE SHIELD OF
VIRGINIA, INCORPORATED,
Defendant & Third-Party Plaintiff-          No. 94-2121
Appellee,

v.

RANDOM SUPPLY COMPANY,
INCORPORATED,
Third-Party Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Samuel G. Wilson, District Judge.
(CA-93-11-B)

Argued: June 5, 1995

Decided: March 19, 1996

Before WILKINSON, Chief Judge, and WIDENER and
MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Chief Judge Wilkinson and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Carl E. McAfee, MCAFEE, BLEDSOE & ASSO-
CIATES, P.C., Norton, Virginia, for Appellant. Charles Richard

Cranwell, CRANWELL & MOORE, Roanoke, Virginia, for Appellees. **ON BRIEF:** Richard C. Titus, Cary, North Carolina, for Appellees.

_____

## OPINION

WIDENER, Circuit Judge:

Plaintiff Louise Mullins appeals from an adverse summary judgment on her claim for coverage under a medical insurance policy governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (ERISA). For the following reasons, we affirm.

Miss Mullins was employed by Better Business Services, Inc. from May 1986 to February 1, 1991. At all relevant times, Miss Mullins was on the enrollment list of, and premiums were timely paid by or on behalf of Miss Mullins with respect to, a group health insurance policy issued by defendant Blue Cross & Blue Shield of Virginia under an ERISA plan, the Random Supply Employee Benefit Plan, of which Random Supply Company, Inc. was the Plan Sponsor and Administrator. Miss Mullins was never employed by Random Supply.* The Comprehensive Group Contract governing participation in the Random Supply Plan states that, "[u]nless otherwise agreed in writing by the Plan, a person may not be an Eligible Person unless he is: 1. A full-time active employee of the Contract Holder [Random Supply], or a related company of the Contract Holder (at least 51% common ownership) . . . ." There is no evidence that Random Supply and Better Business Services ever had at least 51% common ownership.

Miss Mullins contracted hepatitis in November 1990. After a pre-authorization was obtained from Blue Cross by the Presbyterian University Hospital, Miss Mullins underwent liver-transplant surgery in December 1991. Blue Cross denied coverage of the medical costs

_____

*There is evidence that Random Supply and Better Business Services were closely related companies, but Miss Mullins does not dispute that she was never employed by Random Supply. Mullins Brf., p. 5.

2

incurred by Miss Mullins in connection with this surgery, and Miss Mullins filed suit in a Virginia state court in December 1992. Blue Cross removed the action to the district court and filed its third party complaint against Random Supply as a third-party defendant.

Blue Cross and Random Supply moved for summary judgment, and the district court granted Blue Cross's motion, dismissing the third-party action with Blue Cross's consent. See Mullins v. Blue Cross & Blue Shield of Virginia, Inc., 859 F. Supp. 206, 207 & n.2 (W.D. Va. 1994). The district court held that Miss Mullins had no standing to sue as an ERISA participant under Madonia v. Blue Cross & Blue Shield of Virginia, 11 F.3d 444 (4th Cir. 1993). See 29 U.S.C. §§ 1132(a)(1) ("A civil action may be brought . . . by a participant or beneficiary . . . ."), 1002(7) (defining a participant as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ."), because she was never an employee of Random Supply, see Mullins , 859 F. Supp. at 207, and because principles of equitable estoppel do not apply to vary the written terms of an ERISA plan by virtue of this court's holding in Coleman v. Nationwide Life Insurance Co., 969 F.2d 54, 58-60 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3446, 3495, 3498 (U.S. Jan. 19, 1993). See Mullins, 859 F. Supp. at 208.

We agree with the district court that Miss Mullins is not a participant in the Random Supply Plan because she is neither a present nor a former employee of Random Supply. We also agree that we should apply our holding in Coleman that "[e]quitable estoppel . . . [has] not been permitted to vary the written terms of a plan," 969 F.2d at 59, and that the terms of the Comprehensive Group Contract governing the Random Supply Plan are clear regarding plan eligibility. Thus, Miss Mullins plainly was not eligible for participation in the Random Supply Plan, and the district court properly granted summary judgment to Blue Cross on Miss Mullins' ERISA claim.

The judgment of the district court is accordingly

AFFIRMED.

3