UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BERNARD A. BAND, M.D.,
*Plaintiff-Appellee,*

v.

THE PAUL REVERE LIFE INSURANCE
COMPANY,
*Defendant-Appellant.*

No. 00-2106

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-99-404-AW)

Argued: January 24, 2001

Decided: July 20, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge
for the Eastern District of Virginia,
sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Bryan David Bolton, FUNK & BOLTON, P.A., Baltimore, Maryland, for Appellant. H. Kenneth Armstrong, ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHARTERED, Rockville, Maryland, for Appellee. **ON BRIEF:** James F. Taylor, FUNK & BOLTON, P.A., Baltimore, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case is before the Court on the Paul Revere Insurance Company's challenge to the District Court's grant of summary judgment to Dr. Bernard A. Band, an ERISA beneficiary, for an additional six months of disability benefits, and the denial of summary judgment to the Paul Revere Insurance Company.

Bernard A. Band, M.D. was a beneficiary of an employee welfare benefit plan governed by ERISA and which was provided through an insurance policy. The policy was purchased and paid for by his employer, Drs. Band, Badway & Goodridge, P.A., for the purpose of providing benefits in the event of disability. On September 27, 1989, Mr. Kevin Tumey interviewed Dr. Bernard Band and hand-wrote an application for disability insurance. Mr. Tumey mistakenly recorded Dr. Band's birth date as August 24, 1933 instead of August 24, 1932. Once Mr. Tumey completed the application, he gave it to Dr. Band to sign. Paul Revere Insurance Company then provided Dr. Band with a typed application which Dr. Band signed on January 24, 1990. In signing the applications, Dr. Band certified: "I have read the statements and answers recorded above. They are, to the best of my knowledge and belief, true and complete and correctly recorded." Both applications likewise stated: "No agent or broker has authority to waive the answer to any question, to determine insurability, to waive any of the Company's rights, or to make or alter any contract or policy."

Dr. Band became disabled on December 21, 1994, and submitted a claim for disability benefits on May 26, 1995. The benefit period then commenced retroactive to March 21, 1995, pursuant to Dr. Band's policy. Benefits are determined by the birth date of the insured. On December 21, 1994, Dr. Band was 61 years old as computed by the statements in his application. Dr. Band was in fact 62 years of age on December 21, 1994.

The "Maximum Benefit Period" is the longest period of time for which disability benefits are available. The Maximum Benefit Period is 48 months "for total disability starting at age 61 but before age 62" and 42 months for "total disability starting at age 62 but before age 63." In June of 1997 Dr. Band inquired with Paul Revere as to when his benefit period would expire. Paul Revere represented by letter indicating that the benefits would continue until March of 1999, the full 48 months.

On or about February 20, 1998, Paul Revere advised Dr. Band that its prior statement to Dr. Band which represented that the maximum benefit period would be reached on March 21, 1999, was incorrect because it was calculated using the incorrect birth date stated in his application. Dr. Band was further advised that the correct maximum benefit period based on his correct birth date was 42 months and would end in September 1998, instead of six months later. Paul Revere paid 42 months of total disability from March 21, 1995, to September 21, 1998. Dr. Band admits that his date of birth was August 24, 1932, and that he was age 62 at the time of his disability.

After Paul Revere denied Dr. Band's claim for the additional six months of disability, Dr. Band brought suit in the Circuit Court for Montgomery County, Maryland, arguing that Paul Revere was required to use the incorrect birth date in his insurance application to calculate his age at the start of disability, entitling him to the additional six months of disability payments. Paul Revere removed the action to the United States District Court for the District of Maryland based on the ERISA preemption. Dr. Band amended his complaint to state a claim for benefits pursuant to U.S.C. § 1132(a)(1)(B). The District Court heard cross motions for summary judgment filed by the parties and granted summary judgment to Dr. Band.

In doing so, the district court concluded that Dr. Band was entitled to 48 months of benefits because Paul Revere was estopped from asserting any defenses inconsistent with the benefit period of 48 months. The district court applied the common law principles of waiver and promissory estoppel to Dr. Band's ERISA insurance contract because according to the district court, Paul Revere assured Dr. Band that he was to recover 48 months of benefits. It also concluded that the misstatement of age was done wholly on the part of Mr.

Tumey, as an agent of Paul Revere. Additionally, the district court concluded that Paul Revere had waived its misstatement of age provision within Dr. Band's policy and was therefore estopped from asserting it as a defense to the denial of benefits assured to Dr. Band.

This appeal by Paul Revere followed. We review the district court's grant of summary judgment *de novo*. *See Canada Life Assurance Co. v. Estate of Lebowitz*, 185 F.3d 231, 235 (4th Cir. 1999).

The burden is on an insurance beneficiary to prove his or her total disability benefits under a Plan. *Fuja v. Benefit Trust Life Ins. Co.*, 18 F.3d 1405, 1408 (7th Cir. 1994) (ERISA plaintiff has burden of proving coverage); *see also Gable v. Sweetheart Cup Co. Inc.*, 35 F.3d 851, 855-56 (4th Cir. 1994) (ERISA plaintiffs bear the burden of proving their employer's ERISA plan contains a promise to provide vested benefits.). Because Dr. Band sought 48 months of total disability benefits, he had to prove that he suffered "a total disability starting at age 61 but before age 62."

In determining whether Dr. Band met this burden, we are governed by principles of federal law. *See Pilot Life Ins. Co. v. Dedaux*, 481 U.S. 41, 56-57 (1987). "ERISA demands adherence to the clear language of the employee benefit plan." *White v. Provident Life Accident Ins. Co.*, 114 F.3d 26, 28 (4th Cir. 1997). The express terms of the Plan must be followed. *See Healthsouth Rehabilitation Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1009-10 (4th Cir. 1996).

The district court concluded that the maximum benefit period was 48 months "under the policy and the incorporated application." It did so by using Dr. Band's incorrect birth date from his application to calculate his age at the start of his disability. Nothing in the Plan suggests that age at the start of disability is calculated by reference to the birth date on the insured's application. *See, e.g.*, *Shalloway*, 151 F.2d at 551 (refusing to consider the birth date on an insurance application when the correct inquiry focused on age). The unrefuted evidence shows that Dr. Band's age was 62 at the start of the disability. Dr. Band offered no evidence that he was 61 at the start of his disability. Therefore, the district court's conclusion was contrary to the Plan, which states the maximum benefit period is 42 months for disability starting "at age 62."

The district court acknowledged that Paul Revere's Misstatement of Age provision limited Dr. Band's maximum benefit period to 42 months.* Nevertheless, it employed principles of waiver and estoppel to avoid application of the Misstatement of Age provision. Yet, it is well settled in this Circuit that principles of waiver and estoppel cannot be used to modify the express terms of an ERISA plan. *Bakery v. Confectionary Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1027 (4th Cir. 1997); *White*, 114 F.3d at 29; *Healthsouth Rehabilitation Hosp.*, 101 F.3d at 1010. *Mullins v. Blue Cross and Blue Shield of Va., Inc.*, 79 F.3d 380, 381 (4th Cir. 1996); *Singer*, 964 F.2d at 1452. This rule is based on ERISA's exacting requirement that the express terms of ERISA benefit Plan are followed. *See White*, 114 F.3d at 29; *see also Healthsouth Rehabilitation Hosp.*, 101 F.3d at 1009 ("oral and informal amendments to established ERISA plans are completely incapable of altering the specified terms of the plans' written coverage."). Further, any modification must be implemented in conformity with formal amendment procedures established pursuant to 29 U.S.C. § 1102. *Healthsouth Rehabilitation Hosp.*, 101 F.3d at 1009; *Coleman*, 969 F.2d at 59; *see also White*, 114 F.3d at 29; *Alday*, 906 F.2d at 665 (holding that statements in correspondence and a Summary of Personal Benefits booklets were informal written amendments prohibited by § 1102(b)(3)). There is no evidence whatsoever that any formal amendment procedures were taken by Paul Revere.

The district court recognized the "general rule in the Fourth Circuit [that] federal common law doctrines of waiver and estoppel do not apply to ERISA contracts." The district court, however, departed from this Circuit's precedent by creating an "exception" derived from the following statement in *White v. Provident Life & Accident Insurance Company*: "White cannot even point to any explicit assurances by Provident that he was entitled to double coverage." The district court concluded that Paul Revere's letters to Dr. Band "satisfy the explicit assurances exception set forth in *White*."

The district court misconstrues *White* and this Court's precedent.

---

*The insurance contract contains a Misstatement of Age Provision Section 9.9 which states, if the insured's age has been misstated, the benefits under the policy would be those that the premium the insured paid would have purchased at their correct age.

The *White* Court categorically stated that the deferral common law of ERISA "does not incorporate the principles of waiver and estoppel." *White*, 114 F.3d at 29. Thus, the explicit assurances exception crafted by the district court does not exist. Even if *White* intended to carve out such an exception, it would not apply to "non-conforming" written modifications to the Plan. *White*, 114 F.3d at 29; *see also Healthsouth Rehabilitation Hosp.*, 101 F.3d at 1009; *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 58-59 (4th Cir. 1992). "[I]nformal amendments to established ERISA plans are completely incapable of altering the specified terms of the plan's written coverage." *Healthsouth Rehabilitation Hosp.*, 101 F.3d at 1009; *Coleman*, 969 F.2d at 59 ("Oral or informal written modifications to a plan . . . are of no effect."). Any modification must be implemented in conformity with formal amendment procedures established pursuant to 29 U.S.C. § 1102. *Healthsouth Rehabilitation Hosp.*, 101 F.3d at 1009; *Coleman*, 969 F.2d at 59; *see also White*, 114 F.3d at 29; *Alday*, 906 F.2d at 665 (holding that statements in correspondence and Summary of Personal Benefits booklet were informal amendments prohibited by § 1102(b)(3)).

Paul Revere's letters to Dr. Band were not formal plan amendments. The first letter, stating the incorrect maximum benefit period under the Plan, was written solely at the request of Dr. Band. The second, waiving the Misstatement of Age provision in the plan, made clear the correct maximum benefit of 42 months would apply. Paul Revere's waiver was applied to the amount of benefits, not to the maximum benefit period. The district court found that Paul Revere "intentionally decided to waive that right," when Paul Revere stated that it would not "pursue this issue," in a letter written to Dr. Band dated May 11, 1998. However, Paul Revere was referring to recovering any overpayments it made to Dr. Band. The district court failed to note that this letter specifically stated it would only pay 42 months of benefits. Paul Revere obviously did not intend to waive the very right it was asserting.

For the foregoing reasons the decision of the district court is reversed and remanded for entry of an order granting summary judgment to Paul Revere.

*REVERSED AND REMANDED*